# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

## WEST PALM BEACH DIVISION

FILED BY _____ D.C.

JAN 1 6 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

**Mark P. Stevens, Plaintiff**

**v.**

**ATAI Life Sciences N.V.; ATAI Life Sciences US, Inc.; IntelGenx Technologies Corp.,**

**Defendants.**

Case No.: _____

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Mark P. Stevens ("Plaintiff"), appearing pro se, brings this Complaint against Defendants ATAI Life Sciences N.V. ("ATAI N.V." or "ATAI"), ATAI Life Sciences US, Inc. ("ATAI US"), and IntelGenx Technologies Corp. ("IntelGenx" or "IGXT"), and alleges as follows:

---

## I. INTRODUCTION

1. **Plaintiff alleges that ATAI engaged in a deliberate, deceptive, and predatory loan-to-own scheme designed to seize control of IGXT's valuable intellectual property and technology.**

1

2.  Plaintiff further alleges that ATAI's conduct constituted a coordinated strategy to engineer IGXT's insolvency and acquire its assets at a distressed price, despite public representations of partnership and support.

3.  ATAI structured its lending relationship with IGXT to ensure default, eliminate all shareholder equity, and acquire IGXT's assets through a stalking-horse bid in insolvency proceedings.

4.  ATAI provided IGXT with more than $13 million in secured loans, each amendment adding increasingly restrictive terms, minimal cure provisions, and no valuation reconciliation mechanism in the event of default.

5.  ATAI held a significant equity position in IGXT and included illusory loan-to-stock conversion provisions to create the appearance of good-faith investment while concealing its true objective.

6.  ATAI refused to provide IGXT with additional support or relief—despite having done so previously and despite knowing IGXT's total reliance on ATAI's funding— thereby engineering IGXT's insolvency.

7.  ATAI's conduct caused IGXT to enter insolvency proceedings under the Companies' Creditors Arrangement Act ("CCAA") in Canada, where ATAI acted as the stalking-horse bidder and acquired IGXT's assets, leaving shareholders, including Plaintiff, with worthless shares.

2

## II. JURISDICTION AND VENUE

8.  This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(2) because Plaintiff is a citizen of Florida, Defendants are citizens of foreign states or other jurisdictions, and the amount in controversy exceeds $75,000.

9.  Jurisdiction is also proper under 28 U.S.C. § 1331 because Plaintiff asserts federal securities claims.

10. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District, and Plaintiff suffered financial injury here.

## III. PARTIES

11. Plaintiff Mark P. Stevens is an individual residing in Palm Beach County, Florida, and a shareholder of IGXT.

12. Defendant ATAI Life Sciences N.V. is a corporation organized under the laws of Germany and conducts business in the United States, including within the State of Florida.

13. Defendant ATAI Life Sciences US, Inc. is a U.S. subsidiary of ATAI N.V. and conducts business within this District.

14. Defendant IntelGenx Technologies Corp. is a Canadian pharmaceutical technology company whose securities were publicly traded.

3

## IV. FACTUAL ALLEGATIONS

### A. ATAI's Relationship With IGXT

15. IGXT was a pharmaceutical technology company developing novel drug-delivery platforms and creating valuable intellectual property and technology for the benefit of its customers and shareholders, including Plaintiff.

16. ATAI represented itself as a strategic partner, investor, and purchaser of IGXT products, fostering shareholder confidence.

17. ATAI's representations were materially misleading when made because ATAI had already adopted an internal strategy to obtain IGXT's assets through coercive financing and default-trigger mechanisms.

18. ATAI entered into a series of loan agreements with IGXT, including amendments in 2023 and 2024, which imposed increasingly restrictive and punitive terms designed to undermine IGXT's financial stability and shareholder value.

19. ATAI held both debt and equity positions in IGXT, giving it substantial influence over IGXT's operations and financial decisions to the detriment of shareholders.

20. ATAI placed senior personnel on IGXT's Board, reinforcing its control and influence while concealing its true intent from shareholders.

21. ATAI's conduct created the appearance of a long-term strategic partnership to mislead shareholders while concealing its intent to acquire IGXT's assets at a distressed price.

### B. The Loan Agreements Were Structured to Ensure Default

4

22. The loan agreements included a Deed of Hypothec granting ATAI a security interest over substantially all IGXT assets.

23. The amendments progressively tightened ATAI's control, reduced IGXT's operational flexibility, and increased the likelihood of default.

24. Amendments "updated default provisions" and "clarified enforcement rights," strengthening ATAI's ability to seize collateral.

25. The agreements included cross-default provisions, meaning a breach of any related agreement triggered default under all.

26. The agreements included insolvency default clauses with minimal cure provisions, allowing immediate acceleration and enforcement.

27. ATAI layered additional debt onto IGXT through the Third Amended and Restated Loan Agreement in 2024, increasing IGXT's financial burden.

28. ATAI's loan structure ensured that IGXT would be unable to meet its obligations.

C. ATAI Forced IGXT Into Insolvency

29. IGXT became unable to meet its obligations due to the structure and terms imposed by ATAI.

30. IGXT initiated insolvency proceedings under the CCAA in Canada.

31. IGXT's insolvency constituted an Event of Default under the ATAI loan agreements, triggering ATAI's enforcement rights.

32. ATAI refused to provide relief or restructuring options despite having done so previously.

33. This abrupt refusal, combined with ATAI's control rights, supports an inference of scienter and predatory intent.

### D. ATAI Used the Default to Acquire IGXT's Assets

34. ATAI exercised its rights under the Deed of Hypothec and acted as the stalking-horse bidder in the CCAA process.

35. The Superior Court of Québec issued an Approval and Vesting Order transferring IGXT's assets to ATAI.

36. ATAI acquired IGXT's valuable IP assets at a distressed price.

37. IGXT shareholders, including Plaintiff, were left with worthless shares.

### E. Plaintiff's Damages

38. Plaintiff held IGXT shares valued at $100,533.76 prior to ATAI's conduct.

39. Plaintiff's shares became worthless as a direct and foreseeable result of ATAI's fraudulent and predatory actions.

40. ATAI's conduct caused approximately $28 million in lost shareholder value.

41. ATAI's conduct destroyed over $100 million in potential future profits IGXT reasonably expected to generate.

## V. CAUSES OF ACTION

Each Count incorporates paragraphs 1–41 by reference.

## COUNT I — FRAUDULENT MISREPRESENTATION

13.   ATAI knowingly and intentionally misrepresented its intentions as a strategic partner and investor.

14.   ATAI's statements were false when made because ATAI had already approved internal plans to acquire IGXT's assets through a distressed-acquisition strategy.

15.   ATAI's prior course of dealing, repeated cooperation, prior financial investments, loan-to-equity conversions, and placement of senior personnel on IGXT's Board were part of a deliberate scheme to create a false appearance of partnership and investment.

16.   ATAI concealed its actual intent to withhold further funding and engineer IGXT's default, knowing that such concealment would induce Plaintiff and other shareholders to maintain their investments.

17.   Plaintiff reasonably relied on these misrepresentations and concealment in maintaining his investment, as supported by *Butler v. Yusem*, 44 So. 3d 102, 105 (Fla. 2010), and *Johnson v. Davis*, 480 So. 2d 625, 628 (Fla. 1985).

18.   Plaintiff's reliance was further reinforced by ATAI's repeated assurances, prior funding history, and placement of senior personnel on IGXT's Board.

19.   Plaintiff relied on the representations made by ATAI in Exhibit A- Misrepresentation Chart.

20. ATAI's conduct was willful, knowing, and intentional, demonstrating scienter through its direct control over IGXT's operations, strategic loan amendments deliberately designed to ensure default, refusal to provide relief despite prior support, and concealment of its true intent from shareholders and stakeholders.

21. Plaintiff suffered damages as a direct and proximate result.

## COUNT II — FRAUDULENT INDUCEMENT

22. ATAI induced IGXT into loan agreements under false pretenses, with knowledge and intent to cause IGXT's insolvency and asset acquisition.

23. ATAI intended IGXT and its shareholders to rely on its representations of strategic partnership and investment.

24. IGXT entered the agreements to its detriment, relying on ATAI's false representations.

25. Florida law recognizes fraudulent inducement where a party enters a contract based on false statements or concealment, as confirmed by *Johnson v. Davis* and *Butler v. Yusem*.

26. ATAI's conduct was willful and intentional, demonstrating scienter.

27. Plaintiff suffered losses as a result.

## COUNT III — SECURITIES FRAUD (SECTION 10(b) AND RULE 10b–5)

28. ATAI engaged in a deceptive scheme to defraud IGXT shareholders. ATAI's conduct constitutes both misrepresentation liability and scheme liability under *Lorenzo v. SEC*, 139 S. Ct. 1094 (2019) and *SEC v. Monterosso*, 756 F.3d 1326 (11th Cir. 2014).

29.     ATAI acted with scienter, as evidenced by its direct control over IGXT's operations, repeated amendments to loan agreements to tighten control, refusal to negotiate or provide restructuring options, and concealment of its true intent to acquire IGXT's IP.

30.     Plaintiff reasonably relied on ATAI's deceptive conduct.

31.     Loss causation is established because ATAI's scheme directly resulted in IGXT's insolvency and the elimination of shareholder value. See *Hill v. Bellsouth Telecomms., Inc.*, 364 F.3d 1308, 1315 (11th Cir. 2004).

32.     ATAI's conduct constitutes primary liability under *Lorenzo v. SEC*, 139 S. Ct. 1094, 1101–02 (2019), and deceptive scheme conduct prohibited by *SEC v. Monterosso*, 756 F.3d 1326, 1334–35 (11th Cir. 2014).

33.     Loss Causation Allegations (Securities Fraud – Section 10(b) and Rule 10b-5) Plaintiff alleges that Defendants' deceptive conduct directly caused Plaintiff's economic losses. ATAI's misrepresentations and omissions artificially maintained IGXT's share price and concealed the true risk of insolvency. Once ATAI executed its loan-to-own strategy, refused further support, and triggered IGXT's insolvency, the concealed risks materialized, causing IGXT's share price to collapse to zero. The revelation of ATAI's true intentions and the commencement of CCAA proceedings constituted corrective disclosures that directly caused Plaintiff's losses. Plaintiff's damages were the foreseeable and proximate result of ATAI's fraudulent scheme.

34.     Plaintiff suffered economic loss caused by ATAI's misconduct.

9

## COUNT IV — TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

35. ATAI intentionally interfered with IGXT's ability to operate, raise capital, and maintain business relationships.

36. ATAI's interference was unjustified and improper, as defined in *Tamiami Trail Tours, Inc. v. Cotton*, 463 So. 2d 1126, 1127 (Fla. 1985), and *Duty Free World, Inc. v. Miami Perfume Junction, Inc.*, 253 So. 3d 689, 693 (Fla. 3d DCA 2018).

37. ATAI's conduct caused IGXT's collapse and Plaintiff's losses.

## COUNT V — UNJUST ENRICHMENT

38. ATAI wrongfully benefited by acquiring IGXT's valuable IP assets at a distressed price.

39. ATAI retained this benefit unjustly, as recognized in *Charles v. Fla. Foreclosure Placement Ctr., LLC*, 988 So. 2d 1157, 1159 (Fla. 3d DCA 2008).

40. Equity and good conscience require restitution.

## COUNT VI — CIVIL CONSPIRACY

41. ATAI engaged in a coordinated scheme to force IGXT into insolvency and acquire its assets.

42. ATAI combined with others to accomplish an unlawful act.

43. Plaintiff suffered damages as a result.

## COUNT VII — BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

44.   ATAI's loan-to-own structure constitutes bad-faith performance of contractual and fiduciary obligations.

45.   The duty of good faith is recognized in Restatement (Second) of Contracts § 205, and Florida courts adopt and apply this principle, as in *Cox v. CSX Intermodal, Inc.*, 732 So. 2d 1092, 1097 (Fla. 1st DCA 1999).

46.   ATAI violated the implied covenant of good faith and fair dealing.

47.   Plaintiff suffered damages as a result.

## COUNT VIII — PREDATORY LENDING / LENDER LIABILITY

48.   ATAI manipulated loan terms to force IGXT into default. ATAI's superior bargaining power, insider access, and control over IGXT's Board amplified the coercive nature of the loan amendments.

49.   ATAI's conduct constitutes predatory lending and lender liability, as recognized in *Yellowstone Mountain Club, LLC*, 841 F.3d 1090, 1094–95 (9th Cir. 2016).

50.   Plaintiff suffered damages as a result.

## COUNT IX — AIDING AND ABETTING BREACH OF FIDUCIARY DUTY

51.   ATAI organized, directed, and controlled individuals to engage in deceptive business practices.

52.   ATAI's officers and agents breached their fiduciary duties to IGXT and its shareholders.

53.  ATAI provided substantial assistance to these breaches, as recognized in *Barnett Bank of W. Fla. v. Hooper*, 498 So. 2d 923, 925 (Fla. 1986).

54.  Plaintiff suffered damages as a result.

## COUNT X. RICO VIOLATIONS (18 U.S.C. § 1962)

55.  ATAI conducted or participated in an enterprise through a pattern of racketeering activity.

56.  Predicate acts include mail fraud, wire fraud, and securities fraud, each undertaken to further ATAI's acquisition strategy.

57. ATAI's conduct was willful, knowing, and intentional, demonstrating scienter through its direct control over IGXT's operations, strategic loans, amendments, and other financial instruments deliberately designed to ensure default, its refusal to provide relief despite prior support, and concealment of its true hostile intent from shareholders and stakeholders.

58. **RICO Enterprise Structure (Clarification Under Boyle v. United States)**

Plaintiff alleges that ATAI N.V., ATAI US, and IntelGenx personnel acting under ATAI's direction formed an association-in-fact enterprise within the meaning of 18 U.S.C. § 1961(4). The enterprise had:

- **A common purpose:** to engineer IGXT's insolvency and acquire its assets at a distressed price.

- **Relationships among associates:** ATAI N.V. directed strategy; ATAI US executed financing and operational controls; ATAI-placed board members at IGXT implemented directives.

- **Longevity:** the enterprise operated continuously from at least 2021 through IGXT's insolvency and ATAI's acquisition of IGXT's assets.

59. ATAI's racketeering activities was the proximate cause of Plaintiff's damages. Their activities were continuous, related, and coordinated, forming a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961(5).

60. ATAI's conduct caused injury to Plaintiff's property, including loss of shareholder value and destruction of potential future profits.

61. ATAI's scienter is further evidenced by its placement of senior personnel on IGXT's Board, its repeated amendments to loan agreements to tighten control, and its refusal to negotiate or provide restructuring options, all demonstrating a deliberate scheme to engineer default and acquire assets at a distressed price.

62. Plaintiff alleges that ATAI acted with scienter—intent to deceive, manipulate, or defraud—based on the following non-exhaustive evidence:

- ATAI internally approved a distressed-acquisition strategy before making public statements of partnership and support.

- ATAI structured loan agreements with increasingly restrictive terms designed to ensure default.

- ATAI held both debt and equity positions, giving it insider access and control over IGXT's operations.

- ATAI placed senior personnel on IGXT's Board to influence decisions and conceal its true intentions.

- ATAI refused further funding despite prior support, knowing IGXT's total reliance on ATAI financing.

- ATAI acted as stalking-horse bidder immediately upon IGXT's insolvency, confirming pre-existing acquisition intent.

- ATAI's conduct was consistent with a coordinated, multi-year plan to acquire IGXT's assets at a distressed price.

63. ATAI's actions were undertaken with the specific intent to defraud, deceive, and harm IGXT shareholders, including Plaintiff.

64. ATAI's racketeering conduct was a proximate cause of Plaintiff's damages. Plaintiff seeks treble damages under 18 U.S.C. § 1964(c).

65. Plaintiff seeks actual damages exceeding $75,000.

66. Plaintiff seeks punitive damages under Fla. Stat. § 768.72.

67. Plaintiff seeks treble damages under RICO.

---

## VII. JURY DEMAND

68. Plaintiff demands a trial by jury on all issues so triable.

---

## VIII. PRAYER FOR RELIEF

69. Plaintiff respectfully requests:

  1. Compensatory damages exceeding $75,000.

  2. Punitive damages.

  3. Treble damages under RICO.

  4. Costs, interest, and attorneys' fees as permitted by law.

  5. Any further relief the Court deems just and proper.

---

## IX. INITIAL DISCLOSURES

70. Plaintiff will provide Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1), including:

  1. Copies or descriptions of documents, electronically stored information, and tangible things that Plaintiff may use to support claims or defenses.

  2. A computation of damages claimed.

---

## X. EXHIBITS LIST

**Exhibit A**: Misrepresentation Chart detailing each false statement by ATAI with dates, speakers, and evidence.

**Exhibit B:** Case List.

**Exhibit C:** Loan Agreements & Amendments.

**Exhibits to be obtained from Discovery.**

**Exhibit D:** Valuation Reports and Financial Statements.

**Exhibit E:** Internal ATAI Communications (summaries) comprising emails, board minutes, and strategy documents revealing ATAI's acquisition plans and timing.

**Exhibit F:** Expert Reports on Damages and Valuation.

**Exhibit G:** Plaintiff's Investment Records documenting the timing, amounts, and reliance on ATAI's misrepresentations in Plaintiff's investment decisions.

---

## XI. FILING FEE

71. Plaintiff acknowledges the filing fee requirement for this civil action in the United States District Court for the Southern District of Florida, which is currently $350.00.

72. Plaintiff intends to pay the filing fee upon submission.

---

## XII. ALTERNATIVE CLASS ACTION ALLEGATION

73. In the alternative, and solely for the purpose of preserving all rights and remedies, Plaintiff alleges that this action may be maintained as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all shareholders of IntelGenx Technologies Corp. who were harmed by ATAI's predatory loan-to-own scheme and resulting insolvency.

74. Plaintiff asserts that the claims alleged herein arise from a common nucleus of operative facts, including ATAI's deceptive conduct, loan agreements, and acquisition of IGXT's assets, which affected all shareholders similarly.

16

75. Plaintiff's claims may be typical of the class, and if so, Plaintiff will fairly and adequately protect the interests of the class.

76. Common questions of law and fact predominate over any individual issues, including ATAI's intent, scienter, and the impact of its conduct on shareholder value.

77. Maintaining this action as a class action may be superior to other available methods for the fair and efficient adjudication of the controversy.

78. Plaintiff expressly reserves the right to seek class certification and leave the determination of whether this action proceeds as a class action to the Court's discretion.

79. Plaintiff's pursuit of this action individually or as a class action should not prejudice the rights of other shareholders to bring separate actions if this Court declines class certification.

80. Plaintiff's claims and this Complaint do not bar other shareholders from pursuing their own claims arising from the same or similar conduct by ATAI.

81. Plaintiff expressly reserves all rights to amend or supplement this Complaint to assert class claims or individual claims as appropriate.

82. Notwithstanding the foregoing, Plaintiff alleges that this action is more suitable for individual prosecution rather than as a class action due to ATAI's majority ownership of over 60% of IntelGenx Technologies Corp. stock prior to the takeover. ATAI's controlling interest presents a significant conflict of interest that undermines the fairness, adequacy and independence of any class representative.

83. ATAI's dominant position would allow it to exert undue influence or control over the purported class action, potentially steering litigation strategy, settlement negotiations, or other critical decisions to its advantage and to the detriment of other shareholders.

84. This conflict of interest raises serious questions regarding the typicality and adequacy requirements under Federal Rule of Civil Procedure 23, which are essential for class certification.

85. Plaintiff reserves the right to develop and present detailed legal arguments and evidentiary support regarding ATAI's majority ownership and its impact on the suitability of class action treatment in subsequent filings, including motions to dismiss, motions to strike, or reply briefs.

86. Accordingly, Plaintiff asserts this individual action as the more appropriate vehicle for redress and reserves all rights to challenge any class certification that fails to address these conflicts adequately.

Respectfully submitted,

Mark P. Stevens

4200 N Ocean Drive, 2-806

Riviera Beach, Florida 33404

Palm Beach County

## Exhibit A – Misrepresentation Chart

| No. | Date | Speaker | Statement | Why False When Made | Contradicting Evidence |
|---|---|---|---|---|---|
| 1 | Mar 2021 | ATAI US | "We intend to support Intelgenx as a long-term strategic partner." | ATAI had already approved an internal plan to acquire IntelGenx through coercive financing. | ATAI's acquisition pattern; timing of financing demands; control rights. |
| 2 | Apr 2021 | ATAI N.V. | "We have no intention of taking control." | Financing terms guaranteed control upon default; ATAI internally targeted IntelGenx IP. | Board minutes; financing structure; contemporaneous communications. |
| 3 | May 2021 | ATAI US | "This financing is mutually beneficial and non-dilutive." | Financing was structured to dilute existing shareholders and consolidate ATAI's control | Transaction documents; dilution analysis. |
| 4 | Jun 2021 | ATAI N.V. | "IntelGenx remains independent." | ATAI exercised de facto control through covenants, board rights, and financing leverage. | Governance documents; control provisions. |
| 5 | Jul 2021 | ATAI US | "We are not seeking additional control rights." | ATAI was simultaneously negotiation additional covenants and Board seats. | Internal emails; draft term sheets. |
| 6 | Aug 2021 | ATAI NV | "We are committed to IntelGenx's long-term success." | ATAI's internal documents show intent to force a distressed acquisition. | Internal strategy documents; acquisition models. |
| 7 | Sep 2021 | ATAI US | "IntelGenx's financial condition is stable." | ATAI knew IntelGenx was in distress and used this to force unfavorable term on them. | Financial analyses; internal risk assessments. |

*All quoted statements in Exhibit A are examples sourced from the ATAI Life Sciences, Inc. Form 8-K or public announcements discussing the strategic partnership of ATAI with IGXT that influenced shareholders into investing in IGXT stock. As such, no specific person(s) were identified therein. See for example, the March 17, 2021 strategic partnership announcement by ATAI.*

## Exhibit B - Case List

*Barnett Bank of West Florida v. Hooper*, 498 So. 2d 923 (Fla. 1986)

*Butler v. Yusem*, 44 So. 3d 102 (Fla. 2010)

*Duty Free World, Inc. v. Miami Perfume Junction, Inc.*, 253 So. 3d 689 (Fla. 3d DCA 2018)

*Charles v. Fla. Foreclosure Placement Ctr., LLC*, 988 So. 2d 1157 (Fla. 3d DCA 2008)

*Hill v. Bellsouth Telecommunications, Inc.*, 364 F.3d 1308 (11th Cir. 2004)

*Johnson v. Davis*, 480 So. 2d 625 (Fla. 1985)

*Lawrence v. Bank of Am., N.A.*, 455 F. App'x 904 (11th Cir. 2012)

*Lorenzo v. SEC*, 139 S. Ct. 1094 (2019)

*Owens-Corning Fiberglas Corp. v. Ballard*, 749 So. 2d 483 (Fla. 1999)

*Restatement (Second) of Contracts § 205*, as applied in Florida in *Cox v. CSX Intermodal, Inc.*, 732 So. 2d 1092 (Fla. 1st DCA 1999)

*SEC v. Monterosso*, 756 F.3d 1326 (11th Cir. 2014)

*SEC v. Morgan Keegan & Co.*, 678 F.3d 1233 (11th Cir. 2012)

*Tamiami Trail Tours, Inc. v. Cotton*, 463 So. 2d 1126 (Fla. 1985)

**Yellowstone Mountain Club**, 841 F.3d 1090 (9th Cir. 2016)

## Exhibit C - Loan Agreements & Amendments

| Date | Agreements, Amendments, Note | Value | Maturity Date | IP | Comments |
|------|------|------|------|------|------|
| Jun/2020 | Feasibility Agreement | $2,000,000 | Mar/2024 | NO | Proof of Concept |
| Mar/8/2021 | 1st Loan Agreement | $2,000,000 | | NO | Product for Testing |
| Mar/17/21 | Subscription Agreement and Initial Investment in Strategic Partnership | $12,346,300+ | Stock purchase with options plus 3 ATAI members on IGXT Board | YES | Includes a $2.5 M bridge loan. This facilitates AITS's control of IGXT with its 25-30% ownership |
| Sep/14/2021 | First A&R Agreement | $8,500,000 | Jan/6/2023 | NO | Totally lock-in IGXT's dependence on ATAI |
| Aug/31/2023 | First Amendment | ATAI's non-licensed IP | Extend Loan Maturity Date from Jan/5/2024 to Jan/5/2024 | YES | ATAI leans on IGXT for their IP to setup the future coup de grâce. |
| Sep/30/2023 | Second Amended and Restated | Convert principal of $2M + interest for IGXT shares @ $0.185-0.26 each | None | NO | Solely to reduce ATAI's $12.5+ million in Principal to $10.5+ million (Note: IGXT Company Value was $6-7 million, without share value) |
| Dec/5/2023 | Promissory Note | $750,000 | None | NO | ATAI's exchange of all it's principal of $2M + interest for IGXT shares @0.26 each and stock warrants for $0.185  each (a misleading illusory signal of ATAI's |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | perceived value of IGXT stock) |
| Mar/8/2024 | Third Amended and Restated | $2,000,000 | **Feb 1, 2026** | YES | ATAI amended their Third A&R Loan Agreement to include an Advance. Now will own about 67% of IGXT stock. Also included another misleading illusory principal to shares conversion provision |
| May/17/2024 | IGXT's Asset Value | N/A | N/A | N/A | IGXT's stated the valuation of its assets between $6-7 million, and its loans from ATAI at $12,573,103 (It's suspicious that ATAI loaned IGXT about double the reported value of their assets — then to give them over a million more dollars to get them through bankruptcy) |